IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-846-BO-RJ

SHELTON PAGE DBA TAMARAH          )
INVESTMENTS CORP,                 )
                    Plaintiff,    )
                                  )
        v.                        )                    O R D E R
                                  )
RUSSELL HUTCHINSON, *et al.,*     )
                    Defendants.   )


This cause comes before the Court on fifteen pending motions filed by plaintiffs and

defendants. The appropriate responses and replies have been filed, or the time for doing so has

expired. In this posture, all motions are ripe for disposition.

## BACKGROUND

As many of the pending motions implicate the procedural history of this matter, the Court

begins there. On May 14, 2025, plaintiffs Shelton Page and Tamarah Investments Corp.,

proceeding *pro se*, filed a complaint against Russel Hutchinson + Ally Financial Bank and Paul

Jacobson + General Motors Acceptance Corporation. [DE 1]. Plaintiffs allege that the defendants

violated equitable principles, breached statutory obligations under the Truth in Lending Act, failed

to provide equal and fair consideration, and provided false and misleading information. The

complaint was signed by Shelton-Page for Shelton Page. *Id.* The claims appear to arise from a

consumer credit transaction entered into between Tamarah Investments Corp. and General Motors

Acceptance Corporation (GMAC). *See* [DE 1-4]. Plaintiffs allege that GMAC failed to provide

required Truth in Lending Act Disclosures, rendering the contract a contract of adhesion. *Id.* Two

summonses were issued for Russell Hutchinson and Paul Jacobson, addressed to Ally Financial Bank and GMAC, respectively. [DE 4].

On May 22, 2025, Shelton Page filed a motion for leave to file an amended complaint. [DE 5]. On June 17, 2025, defendants Ally Financial Bank and Russell Hutchinson appeared through counsel and moved for an extension of time to respond to the complaint. [DE 6]; [DE 7]. On June 19, 2025, defendant Paul Jacobson appeared through counsel and moved for an extension of time to respond to the complaint. [DE 8]; [DE 9]. On June 23, 2025, defendant Jacobson filed a motion to dismiss the complaint for failure to state a claim. [DE 11]. Plaintiffs were notified of their right to respond to the motion to dismiss. [DE 13].

On June 25, 2026, the Court granted the motion for extension of time filed by Hutchinson and Ally Financial Bank, permitting them through and including July 14, 2025, to respond to the complaint. [DE 14]. On July 3, 2025, the Court granted Jacobson's motion for extension of time to respond to the complaint, permitting him thirty days from the date of the Court's ruling on plaintiffs' motion to amend to respond to the operative complaint. [DE 15]. On July 3, 2025, the Court granted plaintiffs' motion for leave to amend. [DE 16]. After noting that plaintiffs could have amended as of right at the time they sought leave to amend, the Court ordered that the plaintiffs file a signed copy of the proposed amended complaint at [DE 5-1] not later than July 14, 2025. *Id.* The Court also *sua sponte* extended the time for defendants Hutchinson and Ally Financial Bank to respond to the complaint to August 1, 2025, and notified plaintiffs that corporate entities may not appear *pro se* in federal court. *Id.* Plaintiffs were ordered to cure this deficiency by the time of the filing of the amended complaint. The Court further denied Jacobson's motion to dismiss the original complaint as moot. *Id.*

The proposed amended complaint at [DE 5-1] lists Shelton Page & Tamarah Investments Corp. as plaintiffs and CFO Russell Hutchinson, Ally Bank and CFO/EVP Paul Jacobson, General Motors Acceptance Corporation/GMAC as defendants. [DE 5-1]. Plaintiffs allege that in January 2023, Shelton Page went to Lumberton Chevrolet, Buick + GMC located in Lumberton, North Carolina to purchase a vehicle. The defendant [sic] allegedly failed to provide full disclosure of the material facts during the consumer credit transaction. Plaintiffs allege violations of UCC-2-609 and N.C. Gen. Stat. §§ 25-2-609 and 75-5. With the proposed amended complaint, plaintiffs submitted two summonses for issuance, one for CFO Russell Hutchinson, Ally Bank and one for CFO/EVP Paul Jacobson, General Motors Acceptance Corporation/GMAC. [DE 5-2]. Because plaintiffs' proposed amended complaint was unsigned, it could not be filed by the Clerk following grant of plaintiffs' motion for leave to amend. *See* Fed. R. Civ. P. 11(a); Local Civil Rule 10.1(h).

On July 14, 2025, Page filed a motion for extension of time to secure counsel for Tamarah Investments Corp., [DE 17], a consolidated memorandum in opposition to Jacobson's motion to dismiss and in support of plaintiffs' leave to amend [DE 18], a request for judicial notice that Shelton Page is doing business as Tamarah Investments Corp. and motion to clarify representation status [DE 19], and an amended complaint [DE 21]. Plaintiff also filed a motion for issuance of subpoenas duces tecum. [DE 20]. The amended complaint filed on July 14, 2025, differs in material respects from the amended complaint at [DE 5-1]. Plaintiffs have been identified as Shelton Page DBA Tamarah Investments Corp. and Wanda F. Musgrave & LGMAC, Inc. was or were added as a defendant. Plaintiff alleges claims under the Truth in Lending Act, the Fair Debt Collection Practices Act, for mail fraud, RICO violations, odometer fraud, securities fraud, and for monetary transactions in criminally derived property. Plaintiff's claims again arise from the purchase of a vehicle from Lumberton Chevrolet Buick in Lumberton. Plaintiff alleges that the

3

Retail Installment Sales Contract entered was for $64,526, was serviced by Ally Bank, and involved General Motors and LGMAC. Plaintiff alleges that the contract included $6,698 in undisclosed add-ons, that Hutchinson failed to disclose that Ally was the true lienholder, that Jacobson oversaw dealer compliance and allowed fraudulent contract terms as well as inaccurate SOX reports, and that Wanda Musgrave, as treasurer of LGMAC, facilitated a contract that contained an unchecked actual mileage box and misrepresented creditor identity. *Id.*

Thereafter, defendants filed motions to strike the amended complaint at [DE 21], referring to it at times as the second amended complaint, [DE 26], [32], [DE 58], and plaintiff filed motions for entry of default against all of the defendants. [DE 29]; [DE 43]; [DE 44]; [DE 74]. Defendants also seek dismissal of the amended complaint. [DE 26]; [DE 32]; [DE 36]; [DE 58]. Additional motions are also pending, including motions for extension of time, motion for judicial notice, and motion to strike arguments in opposition. *See* [DE 17]; [DE 19]; [DE 38]; [DE 48]; [DE 54]; [DE 55]; [DE 69].

## DISCUSSION

### I. The operative complaint and motions to strike

At the outset, the Court must determine whether the amended complaint at [DE 21] may serve as the operative complaint. Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f). "In the context of a motion to strike an amended pleading . . ., Rule 15 of the Federal Rules of Civil Procedure governs the propriety of amendment." *Christian v. Eaton Corp.*, No. 2:22-CV-567, 2024 WL 1355494, at *5 (S.D.W. Va. Mar. 29, 2024). Under Rule 15, a party may amend his complaint once as a matter of course no more than twenty-one days after serving it or twenty-one days after a responsive pleading or a motion to dismiss, motion for more definite statement, or

4

motion to strike is filed, whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a plaintiff must have consent of the opposing party or leave of court to amend his complaint. *Id.*

Here, the Court granted plaintiffs' motion for leave to amend their complaint, but plaintiffs elected to file a materially different amended complaint than the pleading provided to the Court as the proposed amended complaint. *Compare* [DE 5-1] with [DE 21]. *Pro se* parties are required to comply with the Federal Rules of Civil Procedure and the Court's orders. *See Saimplice v. Ocwen Loan Servicing Inc.*, 368 F. Supp. 3d 858, 865 (E.D.N.C. 2019). However, as plaintiffs could have filed their first amended complaint without seeking leave, and in an effort to reach the substance of this case and not dismiss or strike pleadings on technical grounds, the Court will permit the amended complaint at [DE 21] to serve as the operative complaint in this action. The requests to strike [DE 21] are denied.

In the operative amended complaint (hereinafter "amended complaint"), the plaintiffs are identified as one entity: Shelton Page doing business as Tamarah Investments Corp. (hereinafter "plaintiff" or "Page"). Page contends that Tamarah Investments Corp. is a sole proprietorship, of which he is the sole proprietor, and thus that he may represent Tamarah Investments Corp. in this case. *See RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.4 (4th Cir. 2007); *Dynamis, Inc. v. Dynamis.com*, 780 F. Supp. 2d 465, 469 (E.D. Va. 2011) ("sole proprietors are entitled to represent their sole proprietorships *pro se* in litigation.").

Tamarah Investment Corp. filed articles of incorporation with the North Carolina Secretary of State on August 16, 2018. *See* [DE 49-1]. The corporation was dissolved as of November 12, 2024, and plaintiff filed an assumed business name certificate for Tamarah Investments Corp in Robeson County on May 9, 2025. [DE 49-2]; [DE 49-3]. Accordingly, prior to the time that he instituted this action, plaintiff was the sole proprietor of Tamarah Investments Corp, as a sole

5

proprietorship, and it appears that Page may proceed *pro se* on behalf of this entity. Accordingly, Page's motion for extension of time to secure counsel [DE 17] is denied as moot. The Court need not take judicial notice of the status of Tamarah Investments Corp as a sole proprietorship, and Page's motion at [DE 19] is also denied as moot. *See* Fed. R. Evid. 201. Finally, the Court grants plaintiff's motion to correct clerical mistake [DE 38], and the Clerk is directed to correct the caption to reflect a single plaintiff, Shelton Page DBA Tamarah Investments Corp.

## II. Motions for entry of default

Plaintiff's motions for entry of default are denied. Clerk's default under Rule 55(a) is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a).

### A. *Russell Hutchinson and Ally Bank*

Plaintiff first seeks entry of default against defendants Hutchinson and Ally Bank. [DE 29]; [DE 43]. Hutchinson and Ally Financial Bank, named as Ally Bank in the amended complaint, were permitted through and included August 1, 2025, to respond to plaintiff's amended complaint. Hutchinson and Ally filed a motion to dismiss on August 11, 2025. Hutchinson and Ally did not respond to plaintiff's motion for entry of default, but on November 14, 2025, new counsel for these defendants was substituted and filed a motion for extension of time to respond to plaintiff's motion for entry of default. [DE 69].

The Court, in its discretion, allows the motion for extension of time to respond to the motion for entry of default, and deems the response filed at [DE 71] as timely filed As explained by defendants Hutchinson and Ally Bank in their response, this circuit has "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their

6

merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). This is especially true where, as here, the defendants have actually appeared and filed a motion to dismiss. *See, e.g., Karagiannopoulos v. City of Lowell*, No. 3:05-CV-401-W, 2006 WL 8426576, at *1 (W.D.N.C. Nov. 7, 2006). And "[o]f course, the court has discretion to grant additional time to a party to plead or otherwise defend." 10A Charles A. Wright, et al., *Federal Practice and Procedure*, § 2682 (4th ed.).

Here, defendants Hutchinson and Ally Bank filed a motion to dismiss, thus otherwise defending against plaintiff's claims. Though untimely, the motion was filed just more than a week after the deadline, there is no other history of dilatory action on behalf of these defendants, the Court discerns no prejudice to plaintiff, and new counsel has been substituted and the Court declines to punish Hutchinson and Ally Bank for any failures by prior counsel. *See, e.g., Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). Accordingly, plaintiff's motions for entry of default against Hutchinson and Ally Bank [DE 29]; [DE 43] is denied, the motion for extension of time to respond to the motion for entry of default by Hutchinson and Ally Bank [DE 69] is granted. Plaintiff's motion to strike the motion to dismiss and amended document filed by Hutchinson and Ally Bank [DE 55] is denied. The Court will consider Hutchinson and Ally Bank's motion to dismiss [DE 36] as timely filed.

B. *General Motors*

Plaintiff next seeks entry of default under Rule 55(a) against defendant General Motors Company. [DE 44]. Plaintiff argues that General Motors has failed to plead or otherwise defend, despite proper service on June 16, 2025. Plaintiff contends that the deadline to respond to the amended complaint was August 4, 2025, and defendant General Motors has not answered or otherwise responded to the amended complaint.

7

Plaintiff's motion is denied. Plaintiff identified General Motors as a party defendant for the first time in the operative amended complaint at [DE 21]. Thus, plaintiff's argument that General Motors was obligated to respond to the amended complaint by August 4, 2025, is without merit. *See* [DE 15] (extending time for Paul Jacobson to respond to complaint until thirty days after the Court decides plaintiff's motion to amend). Moreover, as is addressed more fully below, a summons has not been issued for General Motors, and thus any service on General Motors prior to the filing of plaintiff's motion for entry of default was improper. *See Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.").

Plaintiff's motion for entry of default against defendant General Motors [DE 44] is denied.

C. *General Motors, Paul Jacobson, Wanda Musgrave, and LGMAC*

Plaintiff has also moved for entry of default against defendants General Motors, LLC, Paul Jacobson, Wanda Musgrave, and LGMAC, Inc. as well as summary or default judgment against them. In this motion, plaintiff erroneously asserts that all defendants were required to answer by August 1, 2025, and that these defendants failed to answer or otherwise respond by that deadline. As has been previously noted, that extension applied only to defendants Hutchinson and Ally Financial Bank. [DE 16]. Plaintiff's motion for entry of default against these defendants [DE 74] is otherwise without merit and is denied.

III. Motions to dismiss

A. *Hutchinson and Ally Bank*

Defendants Hutchinson and Ally Bank have moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests

8

the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

Hutchinson and Ally Bank argue that Tamarah Investments as a sole proprietorship lacks standing to proceed because, at the time of the execution of the Retail Installment Sales Contract at issue, Tamarah Investments was, in fact, a licensed corporation under North Carolina law. *See* [DE 49]. Hutchinson and Ally Bank argue that any claims arising from the Retail Installment Sales Contract must be brought by Tamarah Investments Corp., which, as has been previously noted, cannot proceed here *pro se*. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 202 (1993).

9

In opposition, plaintiff argues that when Tamarah Investments Corp. was dissolved in November 2024, its claims survived for three years and vested in its shareholders. In support, plaintiff cites N.C. Gen. Stat. § 55-14-05, which concerns the effects of dissolving a corporation. However, the statute expressly provides that the dissolution of a corporation does *not* "[p]revent commencement of a proceeding by or against the corporation in its corporate name[.]" *Id.* § 55-15-05(b)(5); *see also Becker v. Graber Builders, Inc.*, 149 N.C. App. 787, 791 (2002). Thus, contrary to plaintiff's argument, Tamarah Investments Corp. could have prosecuted its claims in its own name, though it could only do so through counsel. Plaintiff also contends that he entered into the Retail Sales Installment Contract personally, doing business as Tamarah Investments Corp., *see also* [DE 40], but this argument is contradicted both by the allegations in the amended complaint and the fact that, in 2022, Tamarah Investment Corp. existed as a corporation.

Accordingly, plaintiff, Shelton Page dba Tamarah Investment Corp., has failed to demonstrate that he has standing to pursue claims arising from the 2022 Retail Installment Sales Contract, to which the amended complaint does not allege that he was a party. Although the motion was filed under Rule 12(b)(6), typically standing is considered under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Ali v. Register*, No. 1:24-cv-1311 (PTG/WEF), 2025 U.S. Dist. LEXIS 160118, at *4 (E.D. Va. Aug. 15, 2025). Additionally, a court may consider whether it has subject matter jurisdiction over a claim *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3). "To possess constitutional standing, a plaintiff must be injured by the defendant, and a federal court must be able to redress the injury." *CGM, LLC v. BellSouth Telcoms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). Additionally, "[p]rudential standing encompasses several judicially-created limits on federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights[.]" *Id.* (internal quotation and citation omitted). As plaintiff has filed this case in his own

10

name, doing business as his sole proprietorship, he has failed to allege that he, rather than Tamarah Investment Corp., a corporation in existence in 2022, was injured by any act of the defendants.

Hutchinson and Ally Bank's motion to dismiss [DE 36] is therefore granted.

B. *Jacobson and Musgrave*

In the alternative to its determination that plaintiff lacks standing to bring his claims, the Court considers the remaining motions to dismiss. Defendant Jacobson seeks to dismiss plaintiff's amended complaint for lack of personal jurisdiction and for failure to state a claim pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. [DE 26]. Defendant Musgrave also seeks to dismiss the complaint for failure to state a claim under Rule 12(b)(6).[1]

Jacobson argues first that plaintiff has failed to state a claim against him because it is well-established that "a corporate officer 'is not liable for the torts of the corporation merely by virtue of his office.'" *Priselac v. Chemours Co.*, No. 7:20-CV-190-D, 2022 WL 909406, at *10 (E.D.N.C. Mar. 28, 2022) (citation omitted). No allegations in the amended complaint concern Jacobson's personal conduct which could plausibly support liability against him. Plaintiff alleges that Jacobson oversaw dealer compliance at the GM franchise plaintiff visited, but this bare, conclusory allegation is simply insufficient to state a claim.

The same is true for plaintiff's claims against defendant Musgrave. Plaintiff argues that Musgrave facilitated a contract and misrepresented creditor identity, and that she is the Treasurer of LGMAC. At bottom, plaintiff alleges that Musgrave's role of Treasurer makes her liable for conduct by LGMAC. This is insufficient to allege a plausible claim for relief. The motions to dismiss by defendants Jacobson and Musgrave [DE 26]; [DE 32] are granted.

---

[1] Although defendants Jacobson and Musgrave argue that the "second amended complaint" should be stricken, they also seek dismissal of the claims therein. *See* [DE 27] at 9; [DE 33] at 3.

C. *General Motors*

Defendant General Motors has moved to dismiss any claims against it for failure to effect proper service. General Motors contends that it was not properly added as a party, but has filed the motion out of an abundance of caution. Rule 12(b)(4) authorizes dismissal for insufficient process, or a deficiency in the content of the documents that have been served. Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for either insufficient process or insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

"The formal requirements for service of process in the federal courts are laid out in Federal Rule of Civil Procedure 4. Rule 4(c)(1) provides, in pertinent part, that a summons must be served with a copy of the complaint and, under Rule 4(a)(1)(A)-(B), a summons must name the parties and be directed to the defendant." *Brown v. Charlotte Rentals LLC*, No. 3:15-CV-0043-FDW-DCK, 2015 WL 4557368, at *3 (W.D.N.C. July 28, 2015). Here, no summons was issued for defendant General Motors and, thus, any purported service on General Motors was not effective. Plaintiff argues in opposition that service on Jacobson established notice to General Motors, but service on a corporate officer of General Motors does not excuse the failure to have summons issue for and effect service on General Motors. Moreover General Motors has shown that plaintiff's attempt at service did not include a summons. [DE 52-1] ¶ 9. Plaintiff has not established that

12

service has been properly effected on General Motors, and the motion to dismiss [DE 58] is granted.

IV. Remaining motions

The Court has determined that it lacks subject matter jurisdiction over plaintiff's claims and that plaintiff has otherwise failed to state claims for relief and failed to effect proper service. The remaining motion for hearing [DE 48] and motion for judicial notice [DE 54] are therefore denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for extension of time [DE 17] and motion requesting judicial notice [DE 19] are DENIED AS MOOT. Plaintiff's motion to correct the docket [DE 38] is GRANTED and the Clerk is DIRECTED to correct the docket to reflect a single plaintiff: Shelton Page DBA Tamarah Investments Corp.

The motions to strike the amended complaint and in the alternative to dismiss the amended complaint [DE 26], [DE 32], [DE 58] are GRANTED IN PART and DENIED IN PART. The motion to dismiss at [DE 36] is GRANTED. The Court declines to strike the amended complaint but grants the motions to dismiss the amended complaint. The amended complaint is DISMISSED without prejudice for lack of jurisdiction. In the alternative, the complaint is DISMISSED against defendants Jacobson, Hutchinson, Ally Bank, and Musgrave with prejudice for failure to state a claim and against General Motors without prejudice for failure to effect proper service.

Plaintiff's motions for entry of default, [DE 29], [DE 43], [DE 44], [DE 74] are DENIED. Plaintiff's motion to strike the motion to dismiss filed by Hutchinson and Ally Bank [DE 55] is DENIED. The motion for extension of time by defendants Hutchinson and Ally Bank [DE 69] is

13

GRANTED. The motion for hearing [DE 48] and motion for judicial notice [DE 54] are DENIED
AS MOOT.

The Clerk is DIRECTED to enter judgment and close this case.

SO ORDERED, this 13 day of February 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE